IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff(s),<br><br>  v.<br><br>CARLOS LOMELI and<br>MANUEL HERNANDEZ,<br><br>        Defendants. | 8:10-cr-00158-LES-FG3<br><br>SUPPLEMENTAL<br><br>FINDINGS AND RECOMMENDATION |

      In their motions to suppress evidence (Doc. 142 & Doc. 158), the defendants both contested the legality of an order entered October 22, 2009 authorizing the interception of certain wire communications by the Drug Enforcement Administration (DEA) for use in an ongoing narcotics investigation. On December 9, 2010, I entered my Findings and Recommendation (Doc. 188) that all evidence obtained as the result of a wiretap authorized October 22, 2009 be suppressed pursuant to 18 U.S.C. § 2518(10)(a)(ii) and *Wong Sun v. United States*, 371 U.S. 471 (1963), due to lack of evidence that the issuing judge was presented with the necessary authorization from the U.S. Department of Justice.

      On December 17, 2010 the government moved for reconsideration and requested a supplemental hearing to present evidence that the wiretap had, in fact, been authorized by the Justice Department before the application was presented to the court.

      Objections to the Findings and Recommendation were filed on December 10, 2010 by Carlos Lomeli (on other grounds) and on December 22, 2010 by the United States. These objections are pending before Judge Strom.

Over the defendants' objections to reopening the record, I conducted a supplemental hearing on January 5, 2011, the transcript of which was filed January 10, 2011 (#202).  During the January 5, 2011 hearing, DEA Special Agent Quinn D. Auten testified that he did receive an "Authorization for Interception Order Application" prior to presenting the wiretap application to the district judge. Exhibits 1 and 2 were received in evidence.

The Authorization, which is a Memorandum dated October 21, 2009 (Exhibit 1), says it is from Lanny A. Breuer, Assistant Attorney General, Criminal Division.  The Authorization indicates, in the second paragraph, that "the undersigned" was a "duly designated official in the Criminal Division" allowed to exercise the power of authorizing applications for court-ordered wiretaps. Although Exhibit 1 includes a signature block for Lanny A. Breuer, the document does not purport to be signed by Mr. Breuer.  Instead, it bears the stamped signature of Kenneth A. Blanco, Deputy Assistant Attorney General, Criminal Division.

Exhibit 2 is a copy of Attorney General Order No. 3055-2009, which is the corresponding "SPECIAL DESIGNATION OF CERTAIN OFFICIALS OF THE CRIMINAL DIVISION AND NATIONAL SECURITY DIVISION TO AUTHORIZE APPLICATIONS FOR COURT ORDERS FOR INTERCEPTION OF WIRE OR ORAL COMMUNICATIONS."  Under Attorney General Order No. 3055-2009, the following officials were specially designated to authorize applications for wiretap orders:  "The Assistant Attorney General in charge of the Criminal Division, any Acting Assistant Attorney General in charge of the Criminal Division, any Deputy Assistant Attorney General of the Criminal Division, and any Acting Deputy Assistant Attorney General of the Criminal Division."

Agent Auten testified on cross-examination that he later heard from counsel that counsel did not believe Exhibits 1 and 2 were attached to the October 22, 2009 wiretap application. (Doc. 202, 16:22-24).

## LEGAL ANALYSIS

**A. Reopening the Suppression Hearing**

Objections to the December 9, 2010 Findings and Recommendation are pending before the district court, the district court has not ruled on the defendants' motions to suppress, and no final judgment has been entered in this case. Under the circumstances, this court retains the discretion to reopen the record on the motion to suppress.[1] *See United States. v. Chavez Loya*, 528 F.3d 546, 555 (8th Cir. 2008) (citing *United States v. Johnson*, 944 F.2d 396, 403 n.5 (8th Cir. 1991)); *United States v. Gill*, 513 F.3d 836, 846 (8th Cir.), *cert. denied*, 129 S. Ct. 750 (2008).

While the court does retain discretion to reopen or conduct an additional suppression hearing, "'courts should be extremely reluctant to grant reopenings.'" *United States v. Kithcart,* 218 F.3d 213, 219-20 (3d Cir. 2000) (quoting *United States v. Blankenship*, 775 F.2d 735, 740 (6th Cir. 1985)).

> The party requesting reopening must explain its failure to present the evidence initially and a court must evaluate that explanation and determine if it is both reasonable and adequate to explain why the moving party initially failed to introduce evidence that may have been essential to meeting its burden of proof.... Generally, absent any new evidence or evidence that was unobtainable before the original suppression hearing, or any new issues that became relevant since the initial hearing, the reopening of a suppression hearing is unwarranted.

---

[1] In the District of Nebraska, in felony cases, "magistrate judges are authorized under 28 U.S.C. § 636(b) to perform any duties assigned to them by any district judge of this court that are consistent with the Constitution and laws of the United States," including the issuance of findings and recommendations on motions to suppress evidence. NECrimR 59.1(a) & (c). The magistrate judge may conduct any necessary evidentiary hearing or other proceeding arising in the exercise of the authority conferred" by NECrimR 59.1(c). NECrimR 59.1(c)(2).

*United States. v. Stokely*, — F. Supp. 2d — , 2010 WL 3087409 at *6, Case No. 3:10-cr-24 (E.D. Tenn. Aug. 5, 2010). *See also, e.g., United States v. Chavez Loya*, 2007 WL 700991, Case No. 06-cr-3040  (D. Neb. Feb. 28, 2007) (Urbom, J.), *aff'd*, 528 F.3d 546 (8th Cir. 2008) (no abuse of discretion in denying defendant's motion to reopen suppression hearing when the defendant did not demonstrate prejudice and did not explain why objections to search could not have been raised earlier); *United States v. Wipf*, 2003 WL 22283380, Case No. 03-111 (D. Minn. Sept. 25, 2003) (denying government's motion to reopen suppression hearing to present more evidence on probable cause when government was given notice of the issue one week prior to the hearing); *United States v. Mathis*, 653 F. Supp. 2d 806, 810 (E.D. Tenn. 2009); *United States v. Santiago*, 720 F. Supp. 2d 245 (W.D.N.Y. 2010);  *United States v. Bejarano-Ramirez*, 35 Fed. Appx. 740, Case No. 01-2044 (10th Cir. May 1, 2002) ("It was not an abuse of discretion to deny the government's motion to reopen a suppression hearing, where the government knew what the limited issues were for the hearing and simply did not develop its evidence fully for the hearing."). Vague notions of unfairness, that the government should not have "two bites" off the same apple, do not control.  *See United States v. Bayless*, 201 F.3d 116, 132  (2d Cir.), *cert. denied*, 529 U.S. 1061 (2000).

      In this case, the government was given ample advance notice of the defendants' arguments, appears to concede that the two documents were not attached to the wiretap application when it was submitted to the district judge, did not provide the documents to the defendants during discovery, and apparently made no effort to locate the missing documents prior to the suppression hearing. Instead, the government deliberately elected to proceed on the theory that the omission of the documents from the wiretap application was only an inconsequential technical defect.

Since the government did not offer any reason why it could not have thoroughly addressed the defendants' arguments at the time of the suppression hearing, I find that the request to reopen the hearing should be granted, but only to the extent necessary to provide Judge Strom with a complete record. Judge Strom can then determine whether the supplemental information provided by the government should be considered.

### B. Suppression of Wiretap Evidence

All applications for orders authorizing or approving the interception of a wire, oral, or electronic communication must include "the identity of the investigative or law enforcement officer making the application, and the officer authorizing the application." 18 U.S.C. § 2518(1)(a). Compliance with this statute is mandatory. In this case, to show compliance with this requirement, the government has relied on the following language:

> Pursuant to Section 2516 of Title 18, United States Code, the Attorney General of the United States has specially designated the appropriate officials of the Criminal Division to exercise the power conferred on the Attorney General by Section 2516 of Title 18, United States Code, to authorize this Application, under the power designated to him by special designation of the Attorney General pursuant to Order Number 3055-2009 of February 26, 2009, and an appropriate official of the Criminal Division, has authorized this Application. Attached to this Application are copies of the Attorney General's order of Special Designation and the Memorandum of Authorization approving this Application.

For purposes of disclosing the identity of the officer authorizing the application, as required by law, this boilerplate language is meaningless–unless the explanatory documents are actually attached.

The court assumes that the omission of the explanatory documents from the wiretap application was inadvertent. The government, however, did not offer any explanation in this regard. Even assuming that the application was approved by the Justice Department prior to its presentation to the district judge, there is absolutely no evidence that the identity of the officer who authorized

the application was somehow timely disclosed to the judge. The failure of proof on this issue is what distinguishes this case from *United States v. Gray*, 521 F.3d 514, 524 (6th Cir. 2008), in which the Sixth Circuit found that similar omissions amounted to a "technical defect." In *Gray*, the government proffered that, if required, the issuing judge would testify that he was aware that the AUSA had obtained DOJ approval for the wiretap application before the judge signed the order. The district court denied the government's motion to accept the proffer, but reopened the suppression hearing to allow the AUSA to testify regarding the circumstances surrounding the submission of his application for Title III surveillance. The AUSA testified that when he applied for the initial wiretap told the judge that he had obtained authorization from a DOJ official specially designated to approve wiretap applications before submitting the application.

Considering the paucity of evidence as to whether the identity of the officer authorizing the wiretap application was actually or timely disclosed to the court, I once again conclude that *United States v. Staffeldt*, 451 F.3d 578, 579 (2006), *as amended*, 523 F.3d 983 (9th Cir. 2008), should govern the result in this case.

### RECOMMENDATION

**IT IS AGAIN RECOMMENDED** that the defendants' Motions to Suppress (Doc. 142 & Doc. 158) be granted as to all evidence obtained as the result of the October 22, 2009 Nebraska Wiretap.

**DATED January 17, 2011.**

                  **BY THE COURT:**

                  s/ F.A. Gossett, III
                  **United States Magistrate Judge**